ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JUAN G. ALMONTE OLIVENCE<br><br>Peticionario | KLCE202400071 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Decisión del Tribunal de Primera Instancia sobre Nuevo Juicio al amparo de la Regla 192.1 de las de Procedimiento Criminal<br><br>Caso Número:<br>KVI2012G0053<br>KLA2012G0494 AL 95 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2024.

La parte peticionaria, Juan G. Almonte Olivence, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de San Juan, emitida el 19 de diciembre de 2023 y notificada el 21 de diciembre de 2023. Mediante la misma, el Tribunal de Primera Instancia declaró *No Ha Lugar* varias mociones presentadas por la parte peticionaria, mediante las cuales solicitó, en esencia, una solicitud de modificación de sentencia y una petición de nuevo juicio.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

Por hechos ocurridos el 3 de abril de 2012, el Ministerio Público presentó tres (3) acusaciones contra el peticionario, por infringir el artículo 106 del Código Penal de 2004, 33 LPRA sec. 4734

Número Identificador

RES2024 _____

y los artículos 5.04 y 5.15 de la *Ley de Armas de Puerto Rico*, Ley Núm. 404-2000, 25 LPRA sec. 458 (c) y (n) respectivamente.[1] Celebrado el juicio, un jurado encontró culpable al peticionario de todos los cargos, mediante un veredicto de mayoría de nueve (9) a tres (3). Por ello, el 13 de septiembre de 2013, el Tribunal de Primera Instancia lo sentenció a cumplir una condena de ciento veintinueve (129) años en prisión. El foro recurrido desglosó dicha condena como sigue: noventa y nueve (99) años por infracción al artículo 106 del Código Penal de 2004, *supra*; diez (10) años por violación al artículo 5.04 de la Ley de Armas, *supra*, duplicado al amparo del artículo 7.03 de la Ley de Armas, *supra*, para un total de veinte (20) años; cinco (5) años por una infracción al artículo 5.15 de la Ley de Armas, *supra*, duplicado al amparo del artículo 7.03 de la Ley de Armas, *supra*, para un total de diez (10) años.

Inconforme con el dictamen, el peticionario recurrió ante este Tribunal el 7 de octubre de 2013, mediante recurso de apelación criminal KLAN201301588. En este, entre sus señalamientos de error, planteó que el artículo 5.15 de la Ley de Armas, *supra*, debía comprenderse dentro del delito de asesinato. Además, en dicha apelación, también argumentó que la identificación estuvo viciada y que la misma fue sugestiva.[2] Luego de evaluados sus planteamientos este Foro confirmó la Sentencia apelada del Tribunal de Primera Instancia. Por no estar conforme con la sentencia de este Tribunal, el 20 de febrero de 2015, el apelante acudió al Tribunal Supremo de Puerto Rico mediante recurso de *Certiorari*, el cual fue denegado.[3]

Así las cosas, el 20 de mayo de 2022, el peticionario presentó una *Moción en Solicitud de Modificación de Sentencia al Amparo de*

---

[1] Apéndice II del Recurso de *Certiorari*, pág. 38-43
[2] KLAN201301588.
[3] CC-2014-1063.

*la Regla 192.1 de Procedimiento Criminal.* En esencia, el peticionario solicitó que se eliminara la pena impuesta por infracción al artículo 5.15 de la Ley de Armas, *supra.* Planteó que el delito de asesinato y el de apuntar y disparar un arma, contenido en el artículo 5.15 de la Ley de Armas, *supra*, atiende la misma conducta delictiva, y que, el elemento de apuntar un arma de fuego se configura como el elemento necesario para el delito de asesinato. Por ende, alegó que se debía eliminar la pena por la referida infracción.

Posteriormente, el peticionario presentó una *Moción Urgente para que se Deje sin E[f]ecto la Sentencia al Amparo de la Regla 192.1 de Procedimiento Criminal*, el 3 de junio de 2022. En el pliego, expuso que la norma emitida en *Ramos v. Louisiana*, 140 S. Ct. 1390, 590 US ___ (2020), exigía veredictos unánimes y que esta debía ser aplicada retroactivamente, aunque la sentencia haya advenido final y firme. Sobre este particular, el peticionario alegó que la referida norma debía ser aplicada retroactivamente, porque de lo contrario, existiría un discrimen por condición social, por su ¨condición de convicto¨. Además, el peticionario señaló que la evidencia presentada en cuanto a su identificación, estuvo viciada y fue sugestiva.

El 12 de julio de 2022, el Ministerio Público se opuso ante dichos petitorios mediante *Urgente Contestación* a *Moción Urgente para que se Deje sin Efecto la Sentencia al Amparo de la Regla 192.1 de Procedimiento Criminal*, y argumentó, que la alegación de discrimen por condición social es improcedente en derecho, por no ser una de las categorías comprendidas en la Constitución de Puerto Rico.[4] Además, el Ministerio Público sostuvo que la alegación sobre que la identificación estuvo viciada y sugestiva, fue expuesta ante este Tribunal en el recurso de apelación de su sentencia y que, los

---

[4] Art. II sec. 1, CONST. ELA.; LPRA Tomo 1.

mismos fueron adjudicados de manera final y firme. Por igual, planteó que no procedía el argumento sobre la eliminación de la pena impuesta por la infracción al artículo 5.15 de la Ley de Armas, *supra,* por no existir el concurso de delitos entre el referido artículo y el artículo 106 del Código Penal de 2004, *supra.*

El 11 de octubre de 2022 el peticionario presentó una *Moción Supletoria a Razón de la Vista Argumentativa del 15 de septiembre de 2022 y Moción Urgente para que se Deje sin Efecto la Sentencia al Amparo de la Regla 192.1 de Procedimiento Criminal.* Posteriormente, el 12 de septiembre de 2023, el peticionario presentó un *Alegato Suplementario.* En todos los escritos presentados se reiteró en sus previos argumentos. Oportunamente, el Ministerio Público replicó a dichos pliegos, sosteniéndose en su postura. Luego de evaluados todos los escritos, el Tribunal de Primera Instancia emitió una *Resolución* el 19 de diciembre de 2023, mediante la cual declaró *No Ha Lugar* las mociones presentadas por el peticionario.[5]

En desacuerdo, y sin haber solicitado reconsideración de la *Resolución* recurrida, el 19 de enero de 2024, la parte peticionaria compareció ante nos mediante el presente recurso de *Certiorari.* En la petición, planteó los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al concluir que el delito de asesinato no absorbe el delito de disparar con un arma de fuego aun cuando este es un elemento imprescindible para la comisión del delito de asesinato y en consecuencia, por negarse a modificar la sentencia impuesta al aquí peticionario.
>
> Erró el Tribunal de Primera Instancia al declarar "*No Ha Lugar*" la petición de nuevo juicio presentada al amparo de la nueva norma sobre unanimidad en los veredictos en *Ramos v. Lousiana* y que la misma debe ser aplicada retroactivamente en casos finales y firmes por ser norma sustantiva de carácter constitucional.

---

[5] Apéndice I del Recurso de *Certiorari,* pág. 1-38.

Contando con el beneficio de la comparecencia de la parte recurrida, procedemos a expresarnos.

**II**

**A**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Medina Nazario v. Mcneil Healthcare LLC,* 194 DPR 723, 728 (2016); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).  Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, supra, pág. 917; *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

**III**

Un examen del expediente de autos mueve nuestro criterio a no intervenir con lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de la discreción que le asiste, de modo que competa soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones.

Así, ante la ausencia de condición alguna que legitime el ejercicio de nuestras facultades revisoras en la causa de epígrafe, concluimos no expedir el presente auto por no concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones